JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 8:23-cv-02295-DOC-DFMx       Date: June 11, 2024

Title: AMERIS BANK C. G & F TRUCKING TN LLC

---

PRESENT:  THE HONORABLE DAVID O. CARTER, U.S. DISTRICT JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):   ORDER SUA SPONTE DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

On the Court's own motion, the Court DISMISSES this case for lack of subject matter jurisdiction.

## I.   Background

Ameris Bank, a Georgia state-chartered banking corporation, d/b/a Balboa Capital Corportion ("Plaintiff" or "Ameris") brought this lawsuit on December 6, 2023, alleging that Defendants G & F Trucking TN LLC ("Defendant" or "G & F") and George Crout ("Crout") (Collectively "Defendants") (1) breach of contract, and (2) breach of personal guaranty. Complaint ("Compl.") (Dkt. 1).

On or about July 19, 2022, Plaintiff loaned Defendant, $92,337.93 (the "Agreement") in order to finance equipment for its business (the "Collateral"). Compl. ¶ 13. Defendant was obligated to pay Plaintiff $2,140.00 per week. *Id.* ¶ 13. Defendants stopped making payments in July 2023 and breached the Agreement in August 2023. *Id.* ¶ 14. Following Defendants' default, Plaintiff repossessed the Collateral and Defendants were credited in the amount of $45,394.25. Declaration of Don Ngo ("Ngo Delc.") (Dkt.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-02295-DOC-DFMx                                           Date: June 11, 2024

Page 2

25-1) ¶ 6. Defendant then became liable for the remaining loan amount ($57,325.76) plus attorneys' fees ($3,893.03), costs ($504.00), and pre-judgment interest ($5,102.50).

## II.     II. Legal Standard

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction over civil actions. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.* Because subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived. *United States v. Cotton*, 535 U.S. 625, 630 (2002). Accordingly, lack of subject matter jurisdiction may be raised by either party at any point during the litigation, through a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); *see also Int'l Union of Operating Eng'rs v. Cnty. of Plumas*, 559 F.3d 1041, 1043-44 (9th Cir. 2009). Lack of subject matter jurisdiction may also be raised by the district court sua sponte. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Indeed, "courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." *Id.*; see Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). "When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).

## III.    Discussion

Plaintiff alleges that the Court has diversity jurisdiction in this case because diversity of citizenship exists and the amount in controversy exceeds $75,000.00. Compl. ¶ 8. The Court disagrees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-02295-DOC-DFMx					Date: June 11, 2024

Page 3

Plaintiff requests damages in the amount of $66,825.29, below the amount in controversy threshold of $75,000.00. Motion for Default Judgment (Dkt. 25) at 13.

Here, the damages that Plaintiff seek fall into three buckets: payments due under the Agreement plus interest, attorneys' fees and costs, and pre-judgment interest.

First, Plaintiff initially claims that Defendants owe $102,720.01 in unpaid balance. Plaintiff submitted business records to substantiate this amount. Compl. ¶ 15. However, following Defendants' default, Ameris repossessed the Collateral and Defendants were credited in the amount of $45,394.25 following the sale of the Collateral. Ngo Decl. ¶ 6. Therefore, Defendants' unpaid balance was lowered to $57.525.76. *Id.* ¶ 7.

Second, the Agreement provided that Defendant must pay Plaintiff's attorneys' fees and costs in an action such as this one. Compl. ¶ 18. Plaintiff requests that the Court calculate fees according to the schedule in Local Rule 55-3, in the amount of $6,333.11 and $603.00 in costs, for a total of $6,936.11. Declaration of Jared Densen ("Densen Delc.") (Dkt. 25-2) ¶ 6.

Finally, the amount of pre-judgment interest, $11,266.43, reflects an annual interest rate of 10%.

In total, Defendants now seek to recover only $66,825.29, below the amount in controversy threshold of $75,000.00. Accordingly, the Court finds that it lacks diversity jurisdiction over this matter.

IV.  **Disposition**

For the reasons set forth above, the Court **DISMISSES** this case. Dismissal is without prejudice subject to refiling in state court.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11					Initials of Deputy Clerk: kdu

CIVIL-GEN